ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7022
FAX: (415) 436-6748
Shining.Hsu@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKLOS DANIEL BRODY,<br><br>    Defendant. | CASE NO. 22-CR-00168 WHO<br><br>**OBJECTION TO DEFENDANT'S MOTION TO STAY ACCRUAL OF INTEREST WHILE INCARCERATED**<br><br>Judge: Hon. William H. Orrick<br>Location: San Francisco, Courtroom 2, 17th Floor |

The government hereby objects to the Defendant's motion because the Court considered Defendant's financial condition at sentencing, six weeks ago, and correctly determined that he has ample financial resources. Furthermore, waiver of interest prevents Defendant's victim from recovering full and timely restitution, including post-judgment interest, to which they are entitled under the MVRA.

**FACTS**

On December 11, 2023, the Court imposed a judgment against Defendant Miklos Daniel Brody ("Judgment," Dkt. No. 225), ordering Defendant to pay $529,266.37 in restitution, a $1,000.00 fine, and a special assessment in the amount of $300.00. *Id.* The Court did not waive interest at the time of sentencing, nor did Defendant raise the issue. *See* Judgment, at 6; *see generally* Dec. 11, 2023 Tr.

Interest accrues at the rate of 4.88%, or a daily rate of $68.41. Therefore, the interest that would accrue during Defendant's anticipated period of incarceration is approximately $42,619.43.

## LEGAL AUTHORITY

Restitution, just like the term of incarceration, supervised release, and fines, are part of sentencing. *See* 18 U.S.C. §§ 3556 ("The court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A . . . . The procedures under section 3664 shall apply . . . ."), 3663A(a)(1) ("when sentencing a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make restitution to the victim . . ."), and 3664(o) ("A sentence that imposes an order of restitution is a final judgment . . . ."); Fed. R. Crim. P. 32.

By statute, defendants "*shall* pay interest on any fine or restitution of more than $2,500," unless "the court determines that the defendant does not have the ability to pay interest." 18 U.S.C. § 3612(f) (emphasis added). In other words, if the Court does not waive the interest at the time of sentencing, upon a determination of defendant's ability to pay, then interest applies automatically pursuant to 18 U.S.C. § 3612(f)(1). *See United States v. Radi*, 340 Fed. Appx. 401, 403 (9th Cir. 2009) ("Although district courts have the authority to waive interest, 18 U.S.C. § 3612(f)(3), the law *presumes* that interest will accrue on restitution awards in excess of $2,500, 18 U.S.C. § 3612(f)(1).") (emphasis added).

Interest assessed on restitution is paid to victims. *United States v. Pescatore*, 637 F.3d 128, 145 (2d. Cir. 2011) (citing Administrative Office of the United States Courts, Guide to Judiciary Policy vol. 13, § 810.50.10(a)(2) (Aug. 3, 2010). Victims are entitled to "full and timely restitution." 18 U.S.C. § 3771(a)(6).

Waiver of interest is at the Court's discretion. 18 U.S.C. § 3612(f)(3) ("If the court determines that the defendant does not have the ability to pay interest under this subsection, the court *may* waive the requirement for interest…") (emphasis added). In exercising its discretion, "indigency is a necessary, but not in itself a sufficient, condition to waiver." *United States v. Dang*, 492 Fed. Appx. 730, 731 (9th Cir. 2012).

A criminal judgment including restitution is a final judgment upon its entry. 18 U.S.C. § 3664(o). The restitution order can only be modified based on statute or rule, such as the limited set of options set

forth in 18 U.S.C.§ 3664(o)(1). *See United States v. Hankins*, 858 F.3d 1273, 1277 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 650 (2018) ("Once a restitution order is imposed, the MVRA leaves the district court with limited options to modify restitution."). None of the limited options referenced in § 3664(o)(1) include waiving interest. Moreover, 18 U.S.C. § 3612(h) is the only statutory provision that permits waiver of interest, and that authority is vested with the Attorney General upon the Attorney General's determination that "reasonable efforts to collect the interest…are not likely to be effective." 18 U.S.C. § 3612(h).

## ARGUMENT

Defendant improperly asks the Court to waive his restitution interest, six weeks post-judgment, and without regard for the victim. The Court had the opportunity to consider Defendant's financial condition at time of sentencing – it determined Defendant had the ability to pay a fine. Judgment, at 6. *See generally*, PSR. Once the Judgment is final upon its entry, the Court has limited options to modify restitution, of which waiver of interest is not one.

### A.     The Restitution Interest Cannot Be Waived by the Court After Final Judgment

Post-judgment application of 18 U.S.C. § 3612(f)(3) is not permitted after the judgment is entered and becomes final. 18 U.S.C. 3664(o); *see United States v. Hankins*, 858 F.3d 1273, 1277 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 650 (2018). Section 3664(k) of Title 18 of the United States Code is one of the limited means a restitution order may be modified after the imposition of final judgment. *See* 18 U.S.C. § 3664(o)(1). However, modification under § 3664(k) affects the timing of payments, but not the amount of the total debt owed. *See* 18 U.S.C. § 3664(k) ("Upon receipt of the notification [of change in defendant's economic circumstances], the court may…adjust the payment schedule[.]")

Here, Defendant cannot petition the Court to waive interest post-judgment because the Court already declined to waive interest at time of sentencing. *See* Judgment, Dkt. No. 225 at 6 (box to waive interest is not checked). When the Judgment—as here—is silent as to the imposition of interest, 18 U.S.C. § 3612(f), which has mandatory language, controls: "The defendant shall pay interest on any fine or restitution of more than $2,500[.]" 18 U.S.C. § 3612(f)(1). In fact, post-judgment, the only mechanism to waive interest is if the Attorney General determines reasonable efforts to collect the interest would be ineffective. 18 U.S.C. § 3612(h). Giving the post-judgment authority to waive interest

to the Attorney General contradicts a conclusion that the courts also have the same authority. Defendant has not demonstrated why his financial condition has changed so drastically in the six weeks between sentencing and this motion that calls for modification of his restitution payments.

Moreover, because Defendant has the ability to pay, as demonstrated by this Court's imposition of a fine, waiving interest on restitution is to deprive victims of their rightful property. Interest accrued on restitution is paid to the victims who suffered loss as a result of Defendant's criminal conduct. *See United States v. Pescatore*, 637 F.3d 128, 145 (2d. Cir. 2011) (citing Administrative Office of the United States Courts, Guide to Judiciary Policy vol. 13, § 810.50.10(a)(2) (Aug. 3, 2010) ("interest assessed on restitution is paid to the victim.")). Restoring to victims some measure of the foregone time value of money during the time while Defendant deprived them of their funds is consistent with the bedrock principle of restitution to make a victim whole. *See United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) ("the purpose of restitution…is not to punish the defendant, but to *make the victim whole again* by restoring him or her the value of the losses suffered as a result of the defendant's crime.") (emphasis in original).

Therefore, because the Court could have waived interest at time of sentencing six weeks ago, but declined to do so, the default rule of imposing interest applies and interest may not be waived post-judgment.

### B. The Defendant Has the Ability to Pay Interest to His Victims

The Court correctly determined at the time of sentencing that Defendant does not qualify for a waiver of interest because he has sufficient assets to pay interest on restitution. Waiver of interest is discretionary. 18 U.S.C. § 3612(f)(3). *See United States v. Dang*, 492 Fed. Appx. 730, 731 (9th Cir. 2012). In exercising its discretion, "indigency is a necessary, but not in itself a sufficient, condition to waiver." *U.S. v. Dang*, 492 Fed. Appx. at 731.

This case is markedly different than the facts presented in *Jones*, the sole Circuit authority Defendant cites in support of his motion. The *Jones* defendant sought relief five years after sentencing. At the time of the *Jones* defendant's motion seeking various forms of relief, the *Jones* court found he was unemployed, did not have prospects for work due to his age and physical state, was subsisting on government benefits, and had no other meaningful assets. *United States v. Jones*, 2023 WL 4238478, *1

(N.D. Cal. 2023). In contrast, Defendant's motion comes a mere six weeks after sentencing, when the Court just had the opportunity to consider Defendant's economic circumstances. Defendant is a healthy 38 year-old individual, has a college degree and work experience, and has substantial assets such that the court found Defendant had the ability to pay a fine and did not waive interest on restitution. Defendant has ample prospects to earn a living after his 24-month period of incarceration, and repay his victim the full restitution to which they are entitled.[1]

The U.S. Attorney's Office may exercise its authority to waive interest under 18 U.S.C. § 3612(h), upon an assessment of Defendant's economic circumstances to support a determination that "reasonable efforts to collect the interest or penalty are not likely to be effective." Here, given Defendant's likely ability to earn income and accrue assets during the 20-year restitution enforcement period, the U.S. Attorney's Office would not consider it reasonable at this early stage to deprive victims the opportunity to collect interest.

**CONCLUSION**

The government respectfully requests that the Court deny Defendant's request to stay accrual of interest on restitution during the period of Defendant's incarceration.

Dated: January 30, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

By: /s/ Shining J. Hsu
SHINING J. HSU
Assistant United States Attorney

Counsel for the United States of America

---

[1] The Defendant refers to the Court's recent stay of co-payments of assigned counsel fees in support of this motion to waive interest. *See* Dkt. 234 (citing Dkt. 227). However, a stay of assigned counsel fees, which would be paid to the CJA Fund, is of a different nature than the payment of full restitution to victims.

OBJECTION TO DEFENDANT'S MOTION TO STAY ACCRUAL OF INTEREST
22-CR-00168-001 WHO